**Opinion filed August 6, 2026**



### In The

# Eleventh Court of Appeals

_____

## No. 11-25-00074-CR

_____

### SAMUEL MARK MCCANN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause Nos. 15285, 15286, 15287, & 15288**

## M E M O R A N D U M   O P I N I O N

Appellant, Samuel Mark McCann, was charged by separate indictments with online solicitation of a minor and indecency with a child by exposure, both third-degree felonies and indecency with a child by contact with two separate victims, both second-degree felonies. *See* TEX. PENAL CODE ANN. § 21.11(d) (West 2026), § 33.021(f) (West Supp. 2025). In a consolidated proceeding, Appellant entered

open pleas of guilty to the offense of solicitation of a minor and no contest to all three offenses of indecency with a child. Following a hearing on punishment, the trial court assessed Appellant's punishment at ten years' confinement for the offense of online solicitation of a minor, fourteen years' confinement for one of the indecency-by-contact offenses, and ten years' confinement for the offense of indecency with a child by exposure, ordering the sentences to run concurrently. Regarding the second offense of indecency with a child by contact, the trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a period of ten years. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of a form motion to request the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27

2

(Tex. Crim. App. 2005). We observe that prior to entering open pleas, Appellant received written and oral admonishments pursuant to Article 26.13. TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2025). As part of his signed affidavit of admonishment, Appellant swore he was pleading guilty freely and voluntarily and he waived "[a]ny and all preliminary motions" that had been filed.

Although the court did not admonish Appellant regarding the applicable sex offender registration requirements under Chapter 62, *see id.* art. 26.13(a)(5), (h), such failure is harmless, and viewing the record as a whole, no substantial right involving Appellant's decision to plead guilty was affected. *See Anderson v. State*, 182 S.W. 3d 914, 921 (Tex. Crim. App. 2006) (citing TEX. R. APP. P. 44.2(b)); *see also Ex parte Afolabi*, No. 11-22-00342-CR, 2024 WL 2061266, at \*11 (Tex. App.—Eastland May 9, 2024, no pet.) (mem. op., not designated for publication) ("[A] trial court's failure to comply with the Article 26.13(a)(5) sex offender registration requirement admonishment does not provide a basis for the defendant to set aside his plea of guilty.").

Additionally, though Appellant briefly inquired about the possibility of withdrawing his pleas of no contest at his punishment hearing before his sentences were imposed, Appellant ultimately stated he wanted to proceed without changing his pleas. *See Odelugo v. State*, 443 S.W.3d 131, 134 n.6 (Tex. Crim. App. 2014) (providing that a defendant has a right to withdraw a plea in a jury-waived proceeding without assigning a reason until the judgment has been pronounced or the case has been taken under advisement); *see also Garza v. State*, No. 11-14-00187-CR, 2016 WL 3573490, at \*2 (Tex. App.—Eastland June 30, 2016, no pet.) (mem. op., not designated for publication) ("After a trial court has admonished a defendant, received the plea and evidence, and passed the case for [a sentencing hearing], the case has been taken under advisement.").

Accordingly, we agree with counsel that no meritorious arguable grounds for appeal exist.[1]  *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) ("[C]ourts of appeals must decide whether the *Anders* appeal and subsequent *pro se* brief raise any meritorious 'arguable grounds' for review.").

We grant counsel's motion to withdraw, and we affirm the judgments of the trial court.


W. BRUCE WILLIAMS
JUSTICE

August 6, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.